**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ISABEL GARNETT,

    Plaintiff,

vs.                                              CASE NO. 3:05-cv-1107-J-TEM

MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

**O R D E R**

This case is before the Court on Plaintiff's Attorney's Amended Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #28, Amended Motion), which was filed in mid-May of 2008. Plaintiff's counsel in this Social Security case, Ms. Lori A. Gaglione, Esq.,[1] seeks compensation under a contingency fee contract which provides for payment of attorney fees up to twenty-five percent of the past due benefits Plaintiff was awarded in this case (Doc. #28-2, Exh. A). In this instance, Plaintiff's counsel requests this Court award $18,220.10 in attorney fees pursuant to 42 U.S.C. § 406(b), which is reportedly slightly less than twenty-five percent of Plaintiff's past due benefits award (*see* Doc. #28-4 at 1,4, Exh. C). Plaintiff's counsel represented Defendant's counsel does not oppose the granting sought relief (Doc. #28 at 5). To date, the Commissioner has not filed a response to the instant motion and the matter is ripe for the Court's consideration.

---

[1] The Court notes both Ms. Lori A. Gaglione, Esq., who filed the Amended Motion, and Ms. Jessica C. Dumas, Esq., who filed the Supplemental Notice, are both shown as attorneys of record for Plaintiff.

Because the Court initially was unclear as to the final disposition of the awarded EAJA fees and requested § 406(a) fees in this case, the Court directed additional briefing on the matter (*see* Doc. #29). On October 15, 2008, Plaintiff's counsel filed the Supplemental Notice in Response to Court Order (Doc. #30, Supplemental Notice). Plaintiff's attorney advised the Court that the EAJA fees of $3,808.29 were ultimately used to offset a debt Plaintiff owed to the government and § 406(a) fees of $5,212.50 were paid to counsel on September 29, 2008 (*see* Doc. #30 with attached exhibits).

***History of case*:**

Plaintiff first filed for Disability Insurance Benefits (DIB) on December 22, 1998, asserting her disability began October 1, 1998 (Doc. #16 Plaintiff's Memorandum, at 1).[2] Ms. Gaglione began representation of Plaintiff on December 2, 1999, prior to the first administrative hearing held in the underlying proceedings (Doc. #28 at 1). After being denied initially and on reconsideration, a hearing was held on June 13, 2000 (Doc. #16 at 2). The Administrative Law Judge (ALJ) issued an unfavorable decision on September 15, 2001. Plaintiff filed for review with the Appeals Council (AC) and filed a second application for DIB prior to the ruling of the AC. *Id.* On July 16, 2004, the AC remanded the case to the ALJ for additional proceedings and consolidated the original application with the later application. *Id.* After a second administrative hearing on February 22, 2005, the ALJ again denied Plaintiff's application for disability benefits. *Id.* Plaintiff then filed an appeal with the Court in the Middle District of Florida, Jacksonville Division, which reversed and remanded

---

[2]As the transcript of the underlying administrative proceeding is not available for public review on the record, the Court has relied on the schedule of events as presented in the Memorandum in Opposition to the Commissioner's Decision (Doc. #16).

the case under sentence four of 42 U.S.C. § 405(g), on March 14, 2007.  *See* Docs. #21 and #22.  Pursuant to the Equal Access to Justice Act (EAJA), this Court awarded Plaintiff $3,808.29 in attorneys fees on July 30, 2007 (Doc. #24).

Subsequent to the sentence four remand, a supplemental hearing was held and Plaintiff was ultimately awarded Social Security disability benefits commencing October 1, 1998 (Doc. #28 at 2).[3]  Plaintiff's counsel advises she appeared and represented Plaintiff at the additional administrative hearing.  *Id.*  Plaintiff's Notice of Award was dated May 4, 2008 (Doc. #28, Exh. C).

Plaintiff was notified that she would receive a check for past due benefits in the amount of $56,210.40.[4]  (Doc. #28, Exh. C.)  Withheld from Plaintiff's past due benefits payment was twenty-five percent of the total benefit award in the amount of $18,220.10, which was reserved for attorney fees.  *Id.*  Plaintiff's counsel petitioned the presiding ALJ for administrative attorney fees, which were awarded in the amount of $5,212.50 for thirty-four and three-quarters (34.75) hours of work at the administrative level (Doc. #28 at 4, Doc. #30 at 1).

Relevant to the instant motion is the contingent fee agreement Plaintiff entered into with attorneys Jessica C. Dumas and Lori A. Gaglione on October 14, 2005.[5]

---

[3]*But see*, Doc. #28, Exh. C, wherein the SSA notes Plaintiff's entitlement to benefits did not begin until March 1999.

[4]The Court notes Plaintiff's first disability check of $56,210.40 plus the withheld $18,220.10 results in a total past due benefits award of $74,430.50.

[5]Although the only presented fee agreement is signed by Plaintiff and her attorneys on October 14, 2005, the Court accepts the statement of Plaintiff's counsel that their legal representation of Plaintiff in this case began with Ms. Lori Gaglione on December 2, 1999

(continued...)

Terms of the fee agreement specify in relevant part:

> If the claim is denied by the ALJ and an appeal is filed by my Attorney, and the claim is awarded following that appeal I agree to pay a fee of 25% of my past due benefits, even if that amount is greater than the maximum amount allowable by law under 42 USCA Section 406 (a) at the time of the decision (currently the maximum amount is $5,300.00). In that event, my Attorney would be required to submit a petition for fees to the Social Security Administration and or Federal Court and a copy of same will be sent to client.

(Doc. #28, Exh. A).

***Analysis***

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee which shall not exceed twenty-five percent of the past-due benefits awarded. Therefore, in such cases, contingency fee agreements are allowed, and the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The attorney "must show that the fee sought is reasonable for the services rendered." *Id.* Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). However, other factors that relate to reasonableness include whether there was unreasonable delay in the litigation caused by the attorney, the quality of representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing. *Id.*; *see Gisbrecht*, 535 U.S. at 808.

---

[5](...continued)
(compare, Doc. #28 at 1 with Doc. #28 at Exh. A).

An attorney who is successful in claiming both EAJA fees from the United States and an award under § 406(b) (which comes out of past-due benefits) must refund "to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart,* 535 U.S. at 796 (finding Congress intended the total amount of past due benefits the claimant actually received to increase by the EAJA award up to 100% of the total benefits). In this action, Plaintiff's counsel made a claim for EAJA fees (*see* Doc. #23), which were awarded (Doc. #24, Court Order) but apparently the payment was directed to Plaintiff personally as the prevailing party.[6] Plaintiff's counsel avers she never received the awarded EAJA fees of $3,808.29 (Doc. #30 at 1). In fact, the fees were garnished to pay all or part of a federal debt owed by Plaintiff(*see* Doc. #30, Exh. A). Thus, Plaintiff's counsel has not received EAJA fees subject to refund to the Plaintiff.

The *Gisbrecht* Court said downward adjustments in § 406(b) fees may be made if the benefits are large in comparison to the amount of time counsel has spent in the case to prevent windfalls. *Id.* at 808. Here, Plaintiff's counsel has stated 26.65 hours were spent representing Plaintiff in the federal court action and 34.75 hours were spent representing Plaintiff at the administrative level. Thus, Plaintiff's attorneys were involved in this case for 61.40 hours. Having reviewed the record, the Court finds the requested fee to be reasonable in relation to the amount of time spent on the case.

---

[6]Until recently, this Court had not been requested to direct payment of EAJA fees to either the Plaintiff, as the prevailing party, or to the Plaintiff's attorney. See *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008), which reaffirmed that the plaintiff, not plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA statute. The *Reeves* court further held that EAJA fees may be offset by the government where the plaintiff owes debts subject to the Debt Collection Improvement Act, 31 U.S.C. §§ 3701, 3716(a). *Id.* at n.3; *see also* 31 C.F.R. § 285.5.

This Court has previously cited with approval the case of *Ellick v. Barnhart*, 445 F.Supp. 2d 1166, 1168 (C.D. Cal. 2006), where the court analyzed forty-three reported post-*Gisbrecht* decisions. In eight of those cases the attorneys had requested fees which were less than twenty-five percent of the awarded benefits and the courts had approved those requests. *Id.* at 1168-71. In twenty-three of those cases the courts had approved the requested twenty-five percent contingency fees, although using different reasoning. *Id.* In those cases in which fees were reduced by the courts to less than twenty-five percent of the awarded benefits, two courts used *de facto* hourly fees of 2.5 times the attorney's normal hourly rate, three reduced fees to rates the judges considered reasonable based on experience, and in five cases the fees were reduced drastically without precise explanation. *Id.*

The Court's review of this case under the factors referenced in *Gisbrecht* and considering the relative risk of loss in accepting a social security case, reveals as follows:

1. Social Security is the primary area of counsel's law practice.

2. Counsel began representing Plaintiff while the case was at the administrative level. Counsel filed a twenty-six (26) page memorandum of law in support of Plaintiff's position. The memorandum ultimately was persuasive to the sentence four remand of the case.

3. The record available to the Court does not evidence any delays caused by Plaintiff's counsel. Indeed, although the length of time from the filing of the initial application to the ultimate resolution is extensive, the time line of events in this case suggests that no unreasonable delays occurred.

4. Counsel reportedly spent 61.40 hours working on the case, 34.75 hours in the administrative phases and 26.65 hours in proceedings before the district court, an amount of time the Court considers reasonable based on the complexity of the case.

5. Counsel always are accepting some risk in taking Social Security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level.

6. As stated above, counsel's normal hourly rate for cases of a non-contingency nature is in line with the established a baseline figure of $250 per hour for Social Security appeals within this district. Courts have applied multipliers to the hourly rate ranging from nothing to 2.5, in order to account for the contingency nature of Social Security appeals. In this action, a multiplier of 2.5 to the hourly rate of $250 would result in a total fee award for federal court representation of more than $16,500. Notably, the sought fee is less than this amount and Defendant has not opposed the sought fee.

***Conclusion***

Considering all of the factors in the case, the Court finds the requested fee is reasonable under the direction of *Gisbrecht*. The Amended Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #28) is **GRANTED to the extent** the Commissioner is directed to pay, from the past due benefits held in escrow in this case, $13,007.60 to Plaintiff's counsel in attorney's fees for representation of Plaintiff before the Court.[7] Any

---

[7]The Social Security Administration withheld a total of $18,220.10 from Plaintiff's past due benefits to pay Plaintiff's attorney fees (Doc. #28, Exh. C, p. 4). This amount represents approximately 25% of Plaintiff's past due benefits. *Id.* Plaintiff's counsel have received $5,212.50 for representation of Plaintiff during the administrative phases of this case (Doc. #30 at 1). A balance of $13,007.60 should currently be available in escrow to
(continued...)

remainder of the escrowed past-due benefits shall be paid to Plaintiff once the Commissioner resolves attorney's claim against the escrowed sum.

The Clerk of Court shall enter judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of January, 2009.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any

---

[7](...continued)
pay Plaintiff's counsel for federal court representation.